UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSE BURGOS SANTIAGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19 CV 01 CDP |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jose Burgos Santiago prevailed on his appeal for judicial review of an adverse decision of the Social Security Administration and now requests attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $4805, and costs totaling $400. The Commissioner does not object to plaintiff's requests for fees and costs and asks that I order payment in the amounts requested. I will grant the requests.

This matter came before me on Santiago's appeal for judicial review of an adverse decision of the Social Security Administration. In a Memorandum, Order, and Judgment entered March 6, 2020, I reversed the Commissioner's decision and remanded the matter to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Santiago now seeks an award of

attorney's fees inasmuch as he is a prevailing party, has a net worth of less than two million dollars, and incurred these fees in this action.   28 U.S.C. § 2412(d).  Santiago also seeks reimbursement of $400 as costs for the filing fee of the clerk.  *See* 28 U.S.C. § 2412(a); 28 U.S.C. § 1920(1).   In response, the Commissioner does not oppose Santiago's motions for fees and costs, but he requests that any award of attorney's fees be made payable in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010).   Upon review of Santiago's motions and the Commissioner's response, I find the requested fees and costs and the Commissioner's requested terms of payment to be reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [18] and Motion for Costs [19] are **GRANTED.**

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2412(d), plaintiff shall recover attorney's fees from the Social Security Administration in the amount of Four Thousand, Eight Hundred Five and 00/100 Dollars ($4805.00).

**IT IS FURTHER ORDERED** that, under the terms of the Assignment of EAJA Fee executed by the plaintiff in this case (*see* ECF 18-3), the award of attorney's fees shall be made payable to Parmele Law Firm, P.C., unless plaintiff has

a pre-existing debt owed to the United States, in which case the award shall be made payable to the plaintiff and subject to offset to satisfy that debt.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2412(a), plaintiff shall recover costs from the Judgment Fund administered by the United States Treasury in the amount of Four Hundred and 00/100 Dollars ($400.00).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2020.